# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUINISHA B. LAWRENCE,** <br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12114** |
| **HERTZ CORPORATION, ET AL.,** <br>     **Defendants** | **SECTION "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to for Leave to File First Supplemental and Amending Complaint[1] and a Motion to Remand,[2] both filed by Plaintiff Quinisha Lawrence. Defendants The Hertz Corporation and Hertz Local Edition Corporation oppose both motions.[3] Due to the interrelated nature of the motions, the Court considers both motions simultaneously. For the following reasons, Plaintiff's motions are **GRANTED**.

## BACKGROUND

Plaintiff alleges that during July 2018, she entered into a mini-lease/rental contract with The Hertz Corporation and/or Hertz Local Edition Corporation, one of which is doing business as Hertz Rental Car, located at 901 Convention Center Boulevard, New Orleans, Louisiana, to rent a 2018 Buick SUV (the "vehicle").[4] Plaintiff alleges Defendants falsely reported the vehicle as stolen, resulting in a phone call to Plaintiff from Officer Stephen Kriebel of the New Orleans Police Department.[5] Officer Kriebel informed Plaintiff the vehicle was reported as stolen, and Plaintiff informed the police she had made all payments pursuant to the mini-lease/rental contract.[6] Officer Kriebel advised Plaintiff

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 15.
[4] R. Doc. 1-1 at ¶ 12.
[5] *Id.* at ¶¶ 14-15.
[6] *Id.* at ¶¶ 15-16.

to call "Aaron" at Hertz to resolve the issue.[7] Plaintiff did so, and spoke to a man identified as "Aaron X" in Plaintiff's petition, who Plaintiff believed to be the manager of the store.[8] Plaintiff alleges that "Aaron X" informed Plaintiff "that the payment [on the mini-lease/rental contract] was made; he wasn't sure why the police were involved; and that he would contact 'corporate' to resolve the issue."[9] Plaintiff considered the matter resolved and did not take further action.[10] However, about two weeks later, officers arrested Plaintiff in connection with the Defendants' stolen vehicle report.[11] Plaintiff was taken into custody.[12] Subsequently, Plaintiff consulted criminal defense counsel to defend her against the allegations.[13] On October 12, 2018, the criminal case was dismissed.[14]

In July 2019, Plaintiff filed suit in the Civil District Court for the Parish of Orleans.[15] Plaintiff named as Defendants The Hertz Corporation and Hertz Local Edition Corporation.[16] Plaintiff also named as a defendant "Aaron X," who she described as a manager of the rental company.[17] Plaintiff brought claims against all three defendants for infliction of emotional distress and mental anguish, fraud, detrimental reliance, and negligence.[18] She also brought a bad faith breach of contract claim against The Hertz Corporation and Hertz Local Edition Corporation.[19] Plaintiff alleged "Aaron X" personally took the following actions:

Falsely told [Plaintiff] that [Defendants] didn't know why the police were

[7] *Id.* at ¶ 17.
[8] *Id.* at ¶ 18.
[9] *Id.*
[10] *Id.* at ¶ 19.
[11] *Id.* at ¶ 22.
[12] *Id.* at ¶ 25.
[13] *Id.* at ¶ 32.
[14] *Id.* at ¶ 34.
[15] R. Doc. 1-1.
[16] *Id.* at ¶¶ 2-3.
[17] *Id.* at ¶ 1.
[18] *Id.* at ¶¶ 42-66.
[19] *Id.* at ¶¶ 37-41.

involved, acknowledged that all payments for the vehicle had been made by [Plaintiff], and falsely indicated that everything was being taken care of.[20]

On August 9, 2019, The Hertz Corporation and Hertz Local Edition Corporation removed the lawsuit to federal court.[21] In their Notice of Removal, The Hertz Corporation and Hertz Local Edition Corporation argue the Plaintiff and the Hertz Defendants are diverse, and, therefore, the Court has subject matter jurisdiction under 28 U.S.C. §1332.[22] Plaintiff is a Louisiana domiciliary whereas The Hertz Corporation and the Hertz Local Edition Corporation are both incorporated in Delaware and have their principal places of business in Florida.[23] The Hertz Corporation and the Hertz Local Edition Corporation argue that, although Plaintiff alleged "Aaron X" is a Louisiana domiciliary, Plaintiff did not serve "Aaron X" prior to removal, and as a result the domicile of "Aaron X" is irrelevant for purposes of determining whether complete diversity exists.[24]

On September 5, 2019, the Court issued a Scheduling Order in this matter requiring the parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than September 20, 2019.[25] On September 6, 2019, the Court ordered Defendants to include in their initial disclosures "the names of all employees who were employed at Hertz Rental Car located at 901 Convention Center Boulevard in New Orleans, Louisiana on or about September 10, 2018."[26] During a status conference held on September 25, 2019, Plaintiff informed the Court she intended to file a motion for leave to amend her complaint based on this information.[27]

---

[20] *Id.* at ¶ 54.
[21] R. Doc. 1.
[22] *Id.* at ¶ VI.
[23] *Id.*
[24] *Id.* at ¶¶ VII-VIII (citing 28 U.S.C. § 1441 (b)(2)).
[25] R. Doc. 9 at 2.
[26] R. Doc. 10.
[27] R. Doc. 11.

On October 4, 2019, Plaintiff filed a motion for leave to amend her complaint.[28] Plaintiff seeks to amend her complaint to substitute Aaron Desselle, a Louisiana domiciliary, for "Aaron X," and to add Marlon Vance, a Louisiana domiciliary, as an additional defendant.[29] As Plaintiff explains:

> At the time of Plaintiff's Original Petition, she did not have the full name or address of one of the Defendants in this matter, who was identified as "Aaron X." Plaintiff knew, however, that "Aaron X" was a resident of and domiciliary of the State of Louisiana. As such, she properly brought suit in Louisiana state court. Despite knowing the status of "Aaron X," Defendants improperly removed this matter to this Court. Only after being ordered to provide Plaintiff with the status of "Aaron X" (name and address), did Defendants identify him to Plaintiff.
>
> Defendant, "Aaron X," has been identified as Aaron Desselle, a person of the full age of majority and a resident and domiciliary of the State of Louisiana. An additional Defendant has been identified, namely Marlon Vance, who is a person of the full age of majority and a resident of and domiciliary of the State of Louisiana. . .[30]

In the proposed pleading attached to her motion for leave to amend her complaint, Plaintiff makes new factual allegations against Desselle and Vance, including:

1. The vehicle was located outside of Plaintiff's home, and Defendant Aaron Desselle, went to the location to repossess the vehicle;

2. Despite knowing that Plaintiff intended to return the vehicle to Defendants, Defendant, Aaron Desselle, did not approach Plaintiff to have her turn over possession of vehicle, nor did he take possession of the vehicle himself, but rather Defendants specifically conspired to humiliate, embarrass, shame, disgrace, and demean Plaintiff because she did not agree with their assessment of the status of the vehicle; and

3. Despite the fact that Defendants had the ability to simply continue charging Plaintiff's credit card for any charges they contended were due and owing, in furtherance of the conspiracy amongst the Defendants to humiliate, embarrass, shame, disgrace, and demean Plaintiff, Defendant, Marlon Vance, then filed a

---

[28] R. Doc. 12.

[29] R. Doc. 12-1 at 1. It is unclear which causes of action Plaintiff brings against Vance. Plaintiff states: "additional facts have also been discovered relative to the defendants, Aaron Desselle and Marlon Vance, which reveal that the actions of the Defendants were intentional and done with the specific purpose of embarrassing, humiliating, and causing severe emotional distress to the Plaintiff." *Id.* at 1-2. The Court assumes Plaintiff brings only an infliction of emotional distress claim against Vance.

[30] R. Doc. 12-1 at 1.

police report seeking not only the return of the vehicle but also the arrest of Plaintiff, and provided the police with the location of the vehicle per the description provided by Defendant, Aaron Desselle.

4.   Despite the fact that Defendants knew there was a simple disagreement with Plaintiff relative to the status of the vehicle, and Defendants had the ability to charge Plaintiff's card for any purported overdue amounts owed, or repossess the vehicle by approaching Plaintiff for return of the keys or using Defendants' spare keys to the vehicle, Defendants chose to call the police and report the vehicle as stolen to intentionally humiliate, embarrass, shame, disgrace, and demean Plaintiff because she did not agree with their assessment of the status of the vehicle.[31]

Plaintiff does not add any new causes of action in her proposed amended complaint.

Also on October 4, 2019, Plaintiff filed a motion to remand,[32] arguing the existence of Aaron Desselle and Marlon Vance, Louisiana domiciliaries, as defendants "destroy[s] subject matter jurisdiction with this Court, as the basis for removal, diversity jurisdiction, no longer exists."[33]

The Hertz Corporation and Hertz Local Edition Corporation argue Plaintiff's motion for leave to amend her complaint and motion to remand should be denied for the following reasons:

1.   Hertz properly removed this case to federal court.

2.   There is no valid independent legal claim against Aaron Desselle and Marlon Vance. At all times relevant to these proceedings, Desselle and Vance were employees of Hertz acting within[] the course and scope of their employment.

3.   The joinder of Desselle and Vance is an improper/fraudulent joinder intended solely to defeat diversity jurisdiction.

4.   Plaintiff should not be allowed to present new theories of recovery after removal for the purposes of defeating diversity jurisdiction.

5.   The denial of the amended pleading wi[ll] not prejudice plaintiff.[34]

---

[31] *Id.* at 2-3.
[32] R. Doc. 13.
[33] R. Doc. 13-1 at 1.
[34] R. Doc. 15 at 6.

## LEGAL STANDARD

### I.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides the Court should freely grant leave to amend "when justice so requires."[35] "[I]n order to take advantage of the liberal amendment rules …, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'"[36] Because Rule 15(a) "evinces a bias in favor of granting leave to amend," the district court must have a "substantial reason" for denying the motion.[37] "District courts are empowered to deny a motion to amend for, inter alia, 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment.'"[38] Courts of appeal generally review a district court's denial or grant of a motion to amend for abuse of discretion.[39]

### II.    Remand

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[40] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

---

[35] Fed. R. Civ. P. 15(a); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).
[36] *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003)).
[37] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (internal citations and quotation marks omitted).
[38] *Hernandez v. Bailey*, 716 F. App'x. 298, 303 (5th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[39] *Thomas*, 832 F.3d at 590 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008)).
[40] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[41]

When a civil action is removed on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."[42] A civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[43] Further, 28 U.S.C. § 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[44]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[45] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.[46] Likewise, it is the removing party's burden to establish improper joinder, and the burden is a "heavy" one.[47] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[48] "If at any time before

---

[41] 28 U.S.C. § 1441(a).
[42] *Id.* at §1441(b)(1).
[43] *Id.* at §1441(b)(2).
[44] 28 U.S.C. § 1447(e).
[45] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[46] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[47] *Lundquist v. J&J Exterminating, Inc.*, No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).
[48] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Manguno*, 276 F.3d at 723).

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[49]

**LAW AND ANALYSIS**

## I.    Plaintiff is granted leave to amend her complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."[50] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies.[51] Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[52] As the Fifth Circuit held in *Doleac ex rel. Doleac v. Michalson*, "§ 1447(e) . . . direct[s] remand if the district court permits joinder of a defendant whose citizenship destroys subject matter jurisdiction."[53] Section 1447(e) applies "regardless of whether a non-diverse party is joined after removal under Federal Rule of Civil Procedure 19 or substituted for a John Doe under Rule 15."[54]

"[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits."[55] Under the Fifth Circuit's decision in *Hensgens*, district courts must consider:

    1.  The extent to which the purpose of the amendment is to defeat federal jurisdiction;

---

[49] 28 U.S.C. § 1447(c).
[50] Fed. R. Civ. P. 15(a).
[51] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[52] 28 U.S.C. § 1447(e).
[53] 264 F.3d 470, 477 (5th Cir. 2001).
[54] *Wells v. Medtronic, Inc.*, 171 F.Supp.3d 493, 512 (E.D. La. 2016) (discussing *Doleac*, 264 F.3d at 477).
[55] *Williams v. Carmean*, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999).

8

2. Whether plaintiff has been dilatory in asking for amendment;

3. Whether plaintiff will be significantly injured if amendment is not allowed; and

4. Any other factors bearing on the equities.[56]

After considering these four factors, the district court "should then balance the equities and decide whether amendment should be permitted."[57] The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party."[58]

As a preliminary matter, the Court addresses The Hertz Corporation and Hertz Local Edition Corporation's contention that "Plaintiff should not be permitted to add new theories of recovery after removal to defeat diversity jurisdiction."[59] The Fifth Circuit held in *Cavallini* a plaintiff cannot defeat an improper joinder claim by attempting to state a claim under the non-diverse defendant after removal "under a legal theory not alleged in the state court complaint."[60] A review of the proposed amended complaint reveals no new causes of action have been added. The Hertz Corporation and Hertz Local Edition Corporation do not specify how the new factual allegations in Plaintiff's proposed amended complaint constitute "new theories of recovery." Instead, The Hertz Corporation and Hertz Local Edition Corporation point the Court to *Watson v. Daniel*.[61] In *Watson*, "[the] [p]laintiff's original petition alleged that [a manager] was vicariously liable as an owner of the business" whereas in the post-removal amended complaint, "[the] [p]laintiff set forth for the first time a theory and related allegations that [the

---

[56] *Hensgens*, 833 F.2d at 1182.
[57] *Id.*
[58] *Id.*
[59] R. Doc. 15 at 13.
[60] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).
[61] Civil Action No. 14–cv–1122, 2015 WL 737650 (W.D. La. Jan. 19, 2015).

manager] is a proper defendant based on his personal liability as manager at the time of the accident."[62] The district court considered this to be a new theory of liability that could not be considered under *Cavallini*.[63] The court went on to say the new theory "does not defeat removal, even if it is considered,"[64] because the court found no cause of action under either theory:

> Plaintiff has offered only generic allegations that [the manager] did not properly supervise and train employees, develop inspection procedures, and the like. She has not offered any allegations that [the manager] had any direct, personal involvement in acts or omissions related to her alleged fall . . . Defendants have met their burden of showing that there is no reasonable basis for this court to predict that Plaintiff might be able to recover against Daniel in connection with her fall. The court may, therefore, ignore Daniel's citizenship.[65]

*Cavallini* does not apply in this case because no new theories of recovery have been asserted in Plaintiff's amended complaint.[66] Plaintiff alleged "Aaron X" is personally liable to Plaintiff in her original petition and in her proposed amended complaint. Further, Plaintiff's new factual allegations against Desselle and Vance are in support of the cause of action for infliction of emotional distress, which was alleged in her original petition. Accordingly, the Court finds Plaintiff has not added a new theory of recovery after removal.

Turning to the *Hensgens* factors, the Court first examines the extent to which the purpose of the amendment is to defeat federal jurisdiction. "When courts analyze the first *Hensgens* factor, they consider 'whether the plaintiffs knew or should have known the

---

[62] *Id.* at *4.
[63] *Id.*
[64] *Id.*
[65] *Id.* at *5.
[66] Plaintiff named Vance as a new defendant in her proposed amended complaint, but she does not allege new causes of action.

identity of the non-diverse defendant when the state court complaint was filed.'"[67]
Further, "when a plaintiff states a valid claim against a defendant, it is unlikely that the
primary purpose of bringing those defendants into a litigation is to destroy diversity
jurisdiction."[68] For instance, in *Mitchell v. Wal-Mart Stores, Inc.*, the plaintiffs sought
damages for personal injuries sustained when one of the plaintiffs was struck by a metal
clothes rack at a Wal-Mart store.[69] The plaintiffs originally sued Wal-Mart and a "John
Doe" employee, who the plaintiffs alleged was directly responsible for creating the
dangerous condition presented by the metal clothes rack.[70] After receiving discovery
responses identifying the Wal-Mart employee by name, the plaintiffs sought leave to
amend and join the non-diverse individual.[71] The district court permitted the
amendment, and accordingly remanded the lawsuit.[72] With respect to the first *Hensgens*
factor, the district court found the plaintiffs' primary purpose was not to destroy diversity
because the allegations, if proven, would be sufficient to hold the employee personally
liable.[73] The district court further determined:

> [T]he plaintiffs clearly contemplated naming [the John Doe defendant] as a
> defendant in this action as soon as his identity was discovered. Indeed, the
> plaintiffs are not seeking to add [the John Doe defendant] as a new defendant, but
> instead, are seeking to substitute [the John Doe defendant], for the fictitious,
> unknown John Doe defendant, who was included in the original petition for
> damages.[74]

Aaron Desselle is like the John Doe defendant in *Mitchell*. First, the allegations in

---

[67] *Tomlinson v. Allstate Indem. Co.*, No. CIV. A.06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (quoting *Schindler v. Charles Schwab & Co.*, No. CIV.A.05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)).
[68] *Schindler*, 2005 WL 1155862, at *3.
[69] No. CV 6:15-2506, 2016 WL 447721, at *1 (W.D. La. Feb. 4, 2016).
[70] *Id.*
[71] *Id.* at *5.
[72] *Id.*
[73] *Id.* at *3.
[74] *Id.* at *4.

the complaint and the proposed amended complaint, if proven at trial, would be sufficient to hold Aaron Desselle personally liable. Under Louisiana law, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship."[75] "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee." [76] In this case, Plaintiff alleges personal actions taken by Aaron Desselle breached duties imposed on him by his employer and owed to her, which allegedly caused or contributed to her injuries. Namely, Plaintiff alleges Aaron Desselle falsely represented to Plaintiff the issue raised in the police report would be resolved. Plaintiff also alleges Desselle personally went to her home to repossess the vehicle. Second, as in *Mitchell*, Plaintiff "clearly contemplated naming [Aaron Desselle]" as soon as his identity was discovered, as Plaintiff named as a defendant "Aaron X" and the "manager" of the Hertz store at issue in her original complaint. It is not the case that Plaintiff "should have known" Aaron Desselle's identity prior to filing her state court petition. As Plaintiff alleges in her original complaint, she only received Aaron Desselle's first name when speaking with him on the phone regarding the police report.[77]

The first *Hensgens* factor also weighs in favor of permitting amendment to add Marlon Vance as a defendant. Plaintiff alleges personal actions taken by Marlon Vance breached duties imposed on him by his employer, which allegedly caused or contributed to her injuries. Namely, Plaintiff alleges Marlon Vance filed a false police report reporting the vehicle at issue as stolen. Further, Plaintiff appears to have contemplated naming

---

[75] *Walker v. Schwegmann Giant Supermarkets, Inc.*, 95-1934 (La. App. 4 Cir. 3/14/96), 671 So.2d 983, 986 (citations omitted).
[76] *Id.*
[77] R. Doc. 1-1 at ¶¶ 17-18.

Marlon Vance upon discovering his identity, as the allegations in her original petition center around the filing of the allegedly false police report, an act which Plaintiff now alleges to have been performed by Marlon Vance. In any event, even if Plaintiff were not permitted to add Marlon Vance as a defendant, complete diversity would still be destroyed by the substitution of Aaron Desselle for "Aaron X."

With respect to the second *Hensgens* factor, "[w]hen determining if a plaintiff was dilatory in seeking to amend, 'courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment.'"[78] In *Mitchell*, the case discussed above, the district court found the plaintiffs were not dilatory in asking for amendment, because they brought their motion to amend "approximately only two weeks after discovering [the John Doe defendant's] identity."[79] The John Doe defendant's identity was discovered once, after removal, Wal-Mart submitted discovery responses "disclosing the names of employees who were on duty at the time of the alleged accident."[80] Likewise, in this case, The Hertz Corporation and Hertz Local Edition Corporation did not disclose "the names of all employees who were employed at [the Hertz Rental Car at issue]" at the time of the alleged accident, until September 20, 2019. Two weeks later, on October 4, 2019, Plaintiff filed the instant motion for leave to amend her complaint to, namely, substitute Aaron Desselle for "Aaron X" and add Marlon Vance as a defendant. Plaintiff was not dilatory in asking for an amendment.

In analyzing the third *Hensgens* factor, the Court considers whether the plaintiffs would be significantly injured by denying amendment. In *Mitchell*, discussed above, the

---

[78] *Tomlinson*, 2006 WL 1331541 at *4 (quoting *Schindler*, 2005 WL 1155862 at *4).
[79] 2016 WL 447721 at *4.
[80] *Id.* at *1.

district court found the third factor weighed "slightly in favor of denying amendment" because:

> Although the Court has found that the [plaintiffs] have a cause of action against [the John Doe defendant], the reality is that Wal-Mart, if found liable under the doctrine of *respondeat superior*, would bear financial responsibility as [the John Doe defendant's] employer. The [plaintiffs] therefore could fully recover from Wal-Mart for any negligence of its employee, [the John Doe defendant].[81]

However, the court found the plaintiffs should not be denied the opportunity to amend:

> Regardless of who will actually bear financial responsibility should the defendants be found liable, this Court finds that the [plaintiffs] should not be denied the opportunity to bring suit against a potentially liable party. Denial of leave to amend would deny the [plaintiffs] that opportunity.[82]

In a similar case, *Herrero v. Sears, Roebuck and Co.*, the plaintiffs, who sought leave to amend their complaint to substitute an individual for a John Doe defendant, argued they would "be disadvantaged if they cannot maintain a single action against all [] possible defendants."[83] The trial judge found the third *Hensgens* factor weighed in favor of granting the motion for leave to amend, noting:

> Courts frequently find that the possibility of maintaining separate federal and state lawsuits arising from the same set of facts is a burden on plaintiffs that weighs in favor of remand.[84]

In this case, although The Hertz Corporation and/or Hertz Local Edition Corporation, if found liable under the doctrine of *respondeat superior*, would bear financial responsibility as Aaron Desselle's and Marlon Vance's employer, Plaintiff's

---

[81] *Id.* at *4.

[82] *Id.*

[83] Civil Action Case No. 15-2162, 2015 WL 13534015, at *10 (E.D. La. Oct. 20, 2015).

[84] *Id.* at *11 (citing *Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *3 (W.D. La. May 23, 2008); *Schindler*, 2005 WL 1155862 at *5 ("[I]t is ... clear that duplicative lawsuits arising out of the same facts in two different courts would waste the parties' resources, potentially lead to inconsistent results, and hamper plaintiffs' efforts to effectively litigate her claims."); *Deliberto v. Wyndham Canal Place, Inc.*, No. 03-3271, 2004 WL 1290774, at *4 (E.D. La. June 10, 2004) ("[C]onsiderations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances.")).

ability to collect against the employer through vicarious liability is insufficient to turn the analysis against allowing the amendment. Plaintiff would be prejudiced if she had to maintain parallel lawsuits arising out of the same set of facts in both state and federal courts. As a result, the third *Hensgens* factor weighs at least slightly in favor of allowing amendment.

Finally, other equitable factors bear on the Court's decision to grant Plaintiff's motion for leave to amend her complaint. In *Mitchell*, the court found the fourth *Hensgens* factor weighed in favor of permitting amendment for several reasons:

> While it is true that Wal-Mart will suffer some prejudice because it will lose access to a federal forum, the issues presented in this case are entirely a matter of Louisiana state law, which the Louisiana state court is more than capable and competent to determine. Furthermore, there has been no substantive Motions filed in this case, nor has there been a substantial amount of discovery, and the discovery already conducted in this suit, will not be wasted; instead, it may simply be used in the state court proceeding after remand. Moreover, should Wal-Mart prevail on a substantive Motion resulting in dismissal of [the John Doe defendant], they may be able to again remove the action to this federal court . . . Finally, if leave to amend were denied, and the [plaintiffs] wished to pursue their claim against [the John Doe defendant], they would have to bear the burden of maintaining parallel lawsuits arising out of the same set of facts in both state and federal courts.[85]

The facts of this case are similar. In this case, Plaintiff brings the following causes of action: bad faith breach of contract, infliction of extreme emotional distress and mental anguish, fraud, detrimental reliance, and negligence.[86] The issues presented are entirely a matter of Louisiana state law. The Louisiana state court is "more than capable and competent to determine" these claims. Further, there have been no substantive motions filed in this action. In addition the Scheduling Order issued in this case on September 5, 2019, called for initial disclosures to be made by September 20, 2019.[87] The deadline for

---

[85] *Id.* at *5.
[86] R. Doc. 1-1 at ¶¶ 37-66.
[87] R. Doc. 9 at 8.

depositions and discovery is April 21, 2020.[88] There has not been a substantial amount of discovery in this case, and, moreover the discovery conducted will not be wasted because it may be used in the state court proceeding. Finally, as discussed above, if leave to amend were denied and Plaintiff wished to pursue her claims against Aaron Desselle and Marlon Vance, she would bear the burden of maintaining parallel lawsuits arising out of the same set of facts in both state and federal courts.

As a result, all four *Hensgens* factors favor allowing Plaintiff to amend her complaint.

## II. The forum defendant rule is not applicable in this case, and the substitution of Aaron Desselle in place of "Aaron X" destroys complete diversity

The Hertz Corporation and Hertz Local Edition Corporation contend their removal of this case to federal court did not violate 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule, and as a result the case should not be remanded. Under § 1441(b)(2), when removal is based solely on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[89] Nothing in the forum defendant rule, however, affects the requirement under § 1332(a)(1) that a suit based solely on diversity jurisdiction must be between citizens of different states.[90] The diversity provisions of 28 U.S.C. § 1332(a)(1) require *complete* diversity among the parties.[91]

Under 28 U.S.C. § 1441(a), "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."[92] Section

---

[88] *Id.*
[89] 28 U.S.C. § 1441(b)(2).
[90] 28 U.S.C. § 1332(a)(1).
[91] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[92] 28 U.S.C. § 1441(a).

1447(e) allows joinder and remand to state court if, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction"[93] In *Doleac*, the defendant argued "if [a party] was substituted for a John Doe defendant [after removal], § 1441(a) precludes consideration of its citizenship."[94] The Fifth Circuit rejected this argument, holding:

> § 1441(a) applies only to John Doe defendants as such, not to subsequently named parties identifying one of those fictitious defendants.
>
> Because § 1441(a) applies only to John Doe defendants as such, it is irrelevant whether [the plaintiff's] amendment consisted of an addition of a defendant or of an identification of a John Doe. And, because § 1447(e) apparently encompasses both actions under the term "join", we will do the same for the balance of this opinion.[95]

The *Doleac* court likewise rejected the defendant's argument that "jurisdiction was fixed at the time of removal and the district court could not consider a change in parties."[96] The Fifth Circuit explained "[g]enerally, jurisdiction is determined at the time the suit is filed . . . [but] addition of a nondiverse party will defeat jurisdiction."[97] "Furthermore, § 1447(e) supports this [holding] by directing remand if the district court permits joinder of a defendant whose citizenship destroys subject matter jurisdiction."[98]

In this case, Plaintiff seeks to substitute Aaron Desselle, a Louisiana domiciliary, for "Aaron X," the John Doe defendant.[99] Because Plaintiff is also a Louisiana domiciliary, the substitution of Aaron Desselle in the place of the John Doe destroys complete diversity and deprives this Court of subject matter jurisdiction over the instant matter. As a result,

---

[93] 28 U.S.C. § 1447(e).
[94] 264 F.3d at 475.
[95] *Id.* at 476-77.
[96] *Id.* at 477.
[97] *Id.* (quoting *Hensgens*, 833 F.2d at 1181) (quotation marks omitted).
[98] *Id.*
[99] R. Doc. 12-1 at 1.

the forum defendant rule plays no part in this decision.

### III. Aaron Desselle and Marlon Vance were not improperly joined

28 U.S.C. § 1441(b)(2) prohibits removal solely on the basis of diversity jurisdiction "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."[100] As a result, a court may dismiss an improperly joined defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction.[101] The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[102] Only the latter is of concern in this case because The Hertz Corporation and Hertz Local Edition Corporation have not alleged actual fraud. Instead, The Hertz Corporation and Hertz Local Edition Corporation argue the joinder of Aaron Desselle and Marlon Vance was improper because "plainitff [sic] has no legal, independent cause of action against these two Hertz employees acting in the course of their employment with Hertz."[103]

"The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[104] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's

---

[100] 28 U.S.C. § 1441(b)(2) (emphasis added).
[101] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).
[102] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[103] R. Doc. 15 at 11.
[104] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d at 573).

favor."[105] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[106] Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[107] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[108] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[109] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[110] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[111]

While the standard for evaluating a claim of improper joinder is similar to the standard used when evaluating a Rule 12(b)(6) motion for failure to state a claim, the scope of the Court's inquiry is broader than it would be for a Rule 12(b)(6) motion; the Court will not "pre-try" the case, but the Court may, in its discretion, "pierce the

---

[105] *Id.* (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[106] *Smallwood*, 385 F.3d at 573.
[107] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[108] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[109] *Id.*
[110] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[111] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

pleadings" under certain circumstances and consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis.[112] This summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery" against any non-diverse defendant.[113] "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."[114]

In a diversity case, the Court applies state law to evaluate the sufficiency of Plaintiff's claims. Under Louisiana law, an employee may be held individually liable for injuries to third persons under certain circumstances.[115] Specifically, an employee may be held liable to a customer if he has a personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages.[116] Personal liability will be imposed on an employee-defendant if the following four elements are established:

1. The principal or employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant employee has breached this duty through personal fault.

4. With regard to the personal fault, personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for performance of some function of the employment.[117]

The Hertz Corporation and Hertz Local Edition Corporation argue the third and fourth elements cannot be satisfied.[118] In support of their position, The Hertz Corporation

---

[112] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).
[113] *Smallwood*, 385 F.3d at 573–74.
[114] *Id.* at 574.
[115] *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973)).
[116] *Canter*, 283 So.2d at 721.
[117] *Id.* at 721 (citations omitted).
[118] R. Doc. 15 at 17.

and Hertz Local Edition Corporation cite several opinions, including *Henry v. O'Charleys Inc.*[119] In that case, the plaintiff maintained she stated a cause of action against the manager of the defendant restaurant. In her petition, the plaintiff alleged the manager "failed to supervise and/or train Restaurant employees to exercise reasonable care."[120] The defendants argued the plaintiff's petition "contains no specific allegation whatsoever that Mr. [the manager] individually and actively contributed to the accident."[121] The Western District of Louisiana agreed with the defendants, holding:

> [E]ven when viewing plaintiff's allegations regarding [the manager] in a light most favorable to her, she has failed to establish that she could maintain a claim against him. Plaintiff's claim that [the manager] breached [sic] his duty to 'supervise and/or train Restaurant employees to exercise reasonable care' states nothing more than administrative responsibilities.[122]

The *Henry* court noted the case was "analogous" to *Bertrand v. Fischer*, in which the plaintiff allegedly suffered injuries in a slip and fall at Target and filed suit against Target, its insurers, and a non-diverse manager on duty at the time of the alleged accident.[123] The *Bertrand* plaintiff alleged the manager was liable to her for "failing to properly supervise and train employees and for failing to implement a procedure for inspection and cleaning of store floors."[124] The district court found the joinder of the manager was improper because the plaintiff failed to allege either that: (1) the manager personally caused the spill or had knowledge of it, (2) Target delegated a duty to the manager to inspect the aisles for spills, or (3) there was any "link between the accident" and the manager.[125]

---

[119] 861 F. Supp. 2d 767 (W.D. La. 2012).
[120] *Id.* at 772.
[121] *Id.*
[122] *Id.* at 773.
[123] Civil Action No. 2:09–cv–76, 2009 WL 5215988 (W.D. La. Dec. 29, 2009).
[124] *Id.* at *6.
[125] *Id.* at *7.

This case is distinguishable from *Henry* and *Bertrand*. Plaintiff does more than make conclusory allegations of failure to perform administrative duties. Instead, with respect to Aaron Desselle, Plaintiff alleges Desselle:

> Falsely told [Plaintiff] that [Defendants] didn't know why the police were involved, acknowledged that all payments for the vehicle had been made by [Plaintiff], and falsely indicated that everything was being taken care of.[126]

Plaintiff further alleges Desselle went to Plaintiff's home "to repossess the vehicle."[127]

Similarly, with respect to Marlon Vance, Plaintiff alleges:

> [D]espite the fact that Defendants had the ability to simply continue charging Plaintiff's credit card for any charges they contended were due and owing, in furtherance of the conspiracy amongst the Defendants to humiliate, embarrass, shame, disgrace, and demean Plaintiff, Defendant, Marlon Vance, then filed a police report seeking not only the return of the vehicle but also the arrest of Plaintiff, and provided the police with the location of the vehicle per the description provided by Defendant, Aaron Desselle.[128]

Initially, The Hertz Corporation and Hertz Local Edition Corporation have not shown Plaintiff failed to state a claim against Desselle and Vance under a Rule 12(b)(6)-type analysis. The Court finds Plaintiff's allegations are sufficient to state a claim upon which relief could be granted against Desselle and Vance. Unlike the *Henry* plaintiff, Plaintiff in this case alleges sufficient facts to show how Desselle and Vance personally and actively contributed to the alleged incident. Unlike the *Bertrand* plaintiff, Plaintiff in this case alleges Desselle personally made representations to Plaintiff leading her to believe the issue with the police was resolved, and she alleges Vance personally made the false police report that led to her arrest. Plaintiff has thus sufficiently alleged a "link" between Desselle's and Vance's actions and Plaintiff's alleged injuries.

---

[126] R. Doc. 1-1 at ¶ 54.
[127] R. Doc. 12-2 at ¶ IV.
[128] *Id.*

Because the scope of the Court's inquiry is broader than it would be for a Rule 12(b)(6) motion and the Court may consider summary judgment type evidence to determine whether the plaintiff's claim has a factual basis,[129] the Court looks to the evidence The Hertz Corporation and Hertz Local Edition Corporation submitted in connection with their opposition to Plaintiff's motion to remand. The Hertz Corporation and Hertz Local Edition Corporation attach the affidavits of Vance, Desselle, and Heather Hampsmire, an employee who participated in the preparation of the theft package in Oklahoma City.[130] Vance, Desselle, and Hampsmire each attest Desselle and Vance did not participate in the preparation of the theft package.[131] The Hertz Corporation and Hertz Local Edition Corporation argue this supports their position that "the theft package was prepared by the theft and recovery department in Oklahoma City" rather than Desselle or Vance, and, further, "Marlon Vance simply provided the police with the theft package."[132] The Hertz Corporation and Hertz Local Edition Corporation conclude Desselle and Vance therefore did not commit any breach of a duty through their own personal fault.

This argument is not persuasive. With respect to Defendant Aaron Desselle, The Hertz Corporation and Hertz Local Edition Corporation concede that "contact[ing] the local law enforcement to report the vehicle [was] stolen" is "part of [Desselle's] normal duties as an employee of Hertz," and, with respect to the vehicle at issue in this case, "Aaron Desselle notified the police that the vehicle ha[d] been stolen."[133] With respect to Defendant Marlon Vance, The Hertz Corporation and Hertz Local Edition Corporation

---

[129] *Ross*, 344 F.3d at 461.
[130] R. Docs. 15-14, 15-15, and 15-16.
[131] *Id.*
[132] R. Doc. 15 at 18.
[133] *Id.* at 4, 18.

concede Vance "provided the police with the theft package."[134] As a result, even assuming Desselle and Vance did not participate in the preparation of the theft package, it is undisputed both employees were still otherwise personally involved in reporting the incident to the police, which gave rise to Plaintiff's alleged injuries. The Court cannot hold, based on the affidavits, that there is no possible way Plaintiff could recover from Desselle and Vance.

Accordingly, the Court finds Desselle and Vance are not improperly joined. The Court properly considers Desselle's and Vance's citizenship in finding the Court does not have diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for leave to file her first supplemental and amending complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 28th day of October, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[134] *Id.* at 18.